WEED & ROSENGREN v. THE INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY ET AL.

Decided November 1, 1899.

**1.  Negligence—Damages—Evidence.**

Upon proof that horses shipped by rail during raining and freezing weather were wet during shipment from leaking of water tanks on the cars and became sick with pneumonia and catarrhal fever after arrival at their destination, there can be no recovery for such sickness as a result of negligence in respect to leaks in the water tanks without some evidence that the sickness was so caused.

**2.  Carrier—Overcharge—Agent for Connecting Line.**

A railway company can not be held liable for overcharge by reason of its collection, as agent for another line, of charges by such connecting carrier, shown by the way bill under which it received the property.

APPEAL from the County Court of Travis.  Tried below before Hon. A. S. WALKER.  The action was by V. O. Weed and S. E. Rosengren, as partners, against the International & Great Northern and St. Louis Iron Mountain & Southern Railway companies.  Judgment was rendered for defendants and plaintiffs appealed.

*D. W. & D. H. Doom,* for appellants.

*G. W. Allen,* for appellee International & Great Northern Railway Company.

*S. R. Fisher,* for appellee St. Louis, Iron Mountain & Southern Railway Company.

FISHER, CHIEF JUSTICE.—This is an action by appellants against the railroad companies for the damages sustained in the shipment of a car load of horses from East St. Louis to Austin, Texas.  The grounds of

negligence relied upon are that the railroad company negligently permitted water to leak and escape from tanks situated in the car, whereby the floor thereof became wet and slippery, and that by reason thereof the horses were made sick, some with pneumonia and some with catarrrhal fever.

In the trial of the case below the verdict and judgment were in favor of the railroad companies. There are assignments of error complaining of the action of the court in overruling demurrers to the defendant's answer, and complaining of the charges of the court, and in overruling motion for a new trial on the ground that the verdict was contrary to the evidence in certain particulars pointed out.

It is unnecessary for us to consider any of the questions raised, for, in our view of the evidence, no other verdict and judgment could have been rendered. The injury alleged to have been sustained was that the horses were made sick with pneumonia and catarrhal fever. The testimony shows that they did, after they reached Austin, become sick of the diseases stated, but there is not one word in the record tending to show what produced such sickness. The evidence shows that the tanks in the car leaked and water collected around the horses' feet, and some of the horses got wet; and the evidence shows, also, that during the time of the transportation of the horses from St. Louis to Taylor, the weather was very cold, and at times it was raining and freezing. In order to make a case, the burden was upon the plaintiffs to prove that the sickness or the injuries sustained by the animals was occasioned by the negligence alleged. This was not done. We can not take judicial knowledge of the existence of such a fact. We have no means of knowing whether the condition of the weather, or the leakage from the tanks, or either, produced the pneumonia and catarrhal fever. Railway v. Wathen, 49 S. W. Rep., 185.

In reference to the $7 overcharges, complained of by the appellants, it is clear from the evidence that the appellees received that sum as agents, and that it was not an overcharge made by them, and that it was collected by them for the benefit of the Wabash Company. That amount was collected by the agent of the International & Great Northern at Austin, according to the statements of the waybill and the bill of lading, as an amount due the Wabash Railway Company as rental for the palace car. If the appellees simply acted as agents for that company in the collection of this sum, they would not be responsible, but the plaintiffs' remedy would be against the Wabash Railway Company.

We find no error in the record, and affirm the judgment of the court below.

*Affirmed.*